UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DARRELL T. WHITE**<br>    **FED. REG. # 29053-034** | **CIVIL ACTION NO. 09-1134** |
| | **SECTION P** |
| **VERSYS** | |
| | **JUDGE TRIMBLE** |
| **WARDEN JOE P. YOUNG** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner, Darrell T. White, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on July 2, 2009.

Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Correctional Institution, Oakdale, Louisiana (FCIO). Petitioner complains that he has been denied credit for time served, while in state custody, against his federal sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Background*

In 1998 petitioner was convicted of possession of cocaine, a felony, in Criminal District

Court, Orleans Parish.  On June 30, 2004, while petitioner was on parole from the Louisiana Department of Public Safety and Corrections, he was arrested by Louisiana authorities and charged with distribution of cocaine and possession of a firearm by a convicted felon.  On July 15, 2004, petitioner was indicted and charged with possession with intent to distribute cocaine and being a felon in possession of a firearm in the United States District Court for the Eastern District of Louisiana.

The Louisiana charges were ultimately dismissed and on January 14, 2005, petitioner pled guilty in federal court to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) and 924(a)(2), and possession with intent to distribute five kilograms or more of cocaine, 18 U.S.C. §841(a)(1).  On May 11, 2005, he was sentenced to serve concurrent terms of 120 and 121 months.  The sentence specifically provided that "[t]he term of imprisonment . . . shall run consecutively to the defendant's imprisonment under the pending parole revocation proceeding in Orleans Parish Criminal District Court, #413,112H."  *See United States v. Darrell White*, No. 2:04-cr-00212.

On June 22, 2006, petitioner was returned to the custody of the State of Louisiana, and on August 10, 2006, his Louisiana parole was revoked and he was ordered to serve two and half years in the custody of the Louisiana Department of Public Safety and Corrections.  He satisfied the Louisiana sentence on October 23, 2007, and he was returned to the custody of the BOP to serve the remainder of his federal sentence.

On May 7, 2008, petitioner submitted an Inmate Request to Staff arguing that since he "was in official detention under federal and state custody from June 30, 2004 to October 25, 2007[,]" he was entitled to credit for this time against his federal sentence in accordance with the

provisions of 18 U.S.C. §3585(b). Doc. 1, 6. On May 20, 2008, FCIO staff responded to the grievance as follows:

> The time in which you are requesting be applied to your federal sentence was applied to your state sentence.
>
> [18 U.S.C. §3585(b)] states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences that has **not** been credited against another sentence".

*Id.* at 7.

On August 4, 2008, petitioner submitted a formal Request for Administrative Remedy in which he asserted,

> I was in "Official Detention" from June 30, 2004 through October 25, 2007. There is a very significant amount of time in which I am not credited for. Approximately 2 years, 5 months and 20 days. I have conducted a thorough review of the numbers and they are exact. According to Mr. D. Veillon, a portion of my time has been counted as 'State Time' and thus I can't receive credit for it. But, my state time in its entirety is less than half of the time I am missing. I only had 14 ½ months to serve in the State, as referenced above, I am missing twice that much as far as my credit goes.

*Id.* at 8. Petitioner's grievance was forwarded to the BOP's Designation & Sentence Computation Center in Grand Prairie, Texas. *Id.* at 9.

Petitioner submitted a Regional Administrative Remedy Appeal on August 25, 2008. *Id.* at 10. On October 20, 2008, the Regional Director responded by awarding an additional period of 439 days of pre-sentence credit. *Id.* at 11-12. In so doing, the Regional Director made the following findings of fact:

1. Petitioner was arrested by Louisiana authorities on June 30, 2004. The state

charges were later dismissed in favor of federal prosecution.

    2.    On August 31, 2004, petitioner was transferred to the United States Marshals Service via writ of *habeas corpus ad prosequendum*.

    3.    On May 11, 2005, petitioner was sentenced on the federal charges. The sentence was ordered to be served consecutive with the state sentence.

    4.    On April 10, 2006, petitioner entered BOP custody at the United States Penitentiary, Pollock.

    5.    On June 22, 2006, petitioner was returned to state custody.

    6.    On August 10, 2006, petitioner's Louisiana parole was revoked and he was ordered to serve 2 years and 6 months. Petitioner was afforded credit against this state sentence from July 23, 2006, to October 23, 2007, when the state sentence was satisfied and petitioner was surrendered to BOP custody.

    Based on these findings, the Regional Director concluded,

> [B]ased on information provided by the Louisiana Department of Corrections, your sentence computation has been updated to reflect credit from the date of your arrest on June 30, 2004 through the day before the Louisiana Department of Corrections allowed presentence credit toward your state term on July 23, 2006, for a total of 754 days. Originally your federal sentence computation reflected 315 days of presentence credit. Therefore, based on the award of an additional 439 days of presentence credit, your appeal has been granted, as all presentence credit not applied toward your state term has been applied toward your federal sentence.

Doc. 1, 11-12.

    On November 4, 2008, petitioner appealed to the Central Office and, citing 18 U.S.C. §3585(a) and *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002), argued that,

> I am entitled to all jail credit once my Federal sentence actually commences. The Federal Government and the State of Louisiana came to an agreement, a permanent one, of my change in custody from state authorities to federal authorities.  Once this arrangement was made, the federal government was in no way obligated to return me to state custody before completion of my sentence.  Yet, on June 22, 2006, federal authorities did just that. I remained in State custody from July 2006 until October 23, 2007. Being that once my federal sentence began, I cannot be forced to serve my time in installments, my federal time should have never stopped running. The only way I can be forced to serve time in installments, is if it is because of some fault of my own. [citation omitted] In a situation such as mine, the proper thing to do would have been for a detainer to be placed on me until I had completed my federal sentence, then upon completion of my federal sentence, I would be turned over to the state... It is a violation of my rights to break my time down into installments, therefore I would like full credit.

Doc. 1, 13.

On January 15, 2009, the Central Office rejected petitioner's appeal and made the following findings of fact:

1. Petitioner was arrested by Louisiana law enforcement officials on June 30, 2004 and charged with distribution of cocaine and possession of a firearm by a convicted felon. The Louisiana charges were dismissed and petitioner was prosecuted for the criminal conduct in federal court. Nevertheless, petitioner remained in state custody on a parole violation charge.

2. On May 11, 2005, pursuant to a writ of *habeas corpus ad prosequendum*, petitioner, who had previously pled guilty to the drug and firearms charges, was sentenced by the United States District Court for the Eastern District of Louisiana to serve concurrent sentences totaling 121 months consecutive to the state parole revocation under Orleans Parish Docket Number 413-112H.

3. On August 26, 2005, petitioner was remanded to the United States Marshals Service as a "Katrina Roll-In" and then mistakenly delivered to the BOP to commence serving his sentence on March 24, 2006.

4. On June 22, 2006, the error was discovered and petitioner was removed from BOP custody and returned to the custody of the Louisiana Department of Public Safety.

5. On August 10, 2006, petitioner's Louisiana parole was revoked and he was ordered to serve 2 years and 6 months. Petitioner remained in state custody until October 23, 2007, when he completed the state sentence and began serving the federal sentence. According to the Classification Section of the Louisiana Department of Public Safety and Corrections, petitioner received credit toward his Louisiana parole revocation sentence for the period from July 24, 2006 to October 23, 2007.

> Based on these facts, the National Inmate Appeals Administrator concluded:

> > The commencement date of your Federal sentence cannot begin until you were in exclusive Federal custody. At the time you received your Federal sentence, you were still in the primary custody of the State of Louisiana. Title 18 U.S.C. §3585(a) establishes the rule for commencement of a sentence stating 'A sentence commences on the date the defendant is received in custody awaiting transportation to the official detention facility at which the sentence is to be served. If the prisoner is serving no other sentence at the time the sentence is imposed, and is in exclusive Federal custody.' In your case you were not in exclusive Federal custody.

> > It has been verified with the Classification Section of the Louisiana Department of Corrections that you received credit towards your state sentence from ... July 24, 2006, through October 22, 2007... This time cannot be applied towards your federal sentence.

*Id.* at 14-15.

Petitioner filed the instant habeas petition on July 2, 2009. Petitioner does not dispute the BOP's fact finding; instead, he argues that he "is entitled to credit on his federal sentence for the time he spent serving his state sentence in state prison[.]"

## *Law and Analysis*

Since petitioner contends that he is entitled to a speedier release from custody, *habeas corpus* provides the appropriate remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). "The writ of *habeas corpus* shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. § 3585. *United States v. Wilson*, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

Under the plain language of the above cited statute, petitioner cannot obtain credit against his federal sentence for the period between July 24, 2006, through October 23, 2007, because he has already received that benefit with respect to his Louisiana parole revocation sentence. *Wilson*, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

Petitioner, citing *Weekes v. Fleming*, 301 F.3d 1175 (10th Cir. 2002), and *White v. Perlman*, 42 F.2d 788 (10th Cir. 1980), argues that he should be given credit for the time spent in Louisiana custody, since, through no fault of his own, the service of his federal sentence was interrupted and "a defendant cannot be forced to serve his sentence 'on an installment basis'" Doc. 1, Att. 3, p. 4.  The undersigned finds that petitioner's reliance on *Weekes* and *Perlman* is misplaced.

In *Free v. Miles*, 333 F.3d 550 (5th Cir. 2003), the Fifth Circuit rejected as over broad the common law rule "that a prisoner is entitled to credit for time served when he is incarcerated discontinuously through no fault of his own . . ."  According to the Fifth Circuit, "[t]he limited function of this rule is clear: Its sole purpose is to prevent the government from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and re-incarcerations." *Free*, 333 F.3d at 554.

Thus, the Fifth Circuit concluded that there is no violation of the rule against piecemeal incarceration when a state prisoner, temporarily in federal custody, (a) is convicted and sentenced for federal crimes; (b)  mistakenly begins to serve his federal sentence; (c) is then returned to the state to complete the state sentence after serving less than the entire federal

sentence; and (d) is then returned to federal custody after completion of the state sentence, so long as the prisoner is afforded credit for the initial time spent in federal custody. *Free*, 333 F.3d at 555. Each of those conditions has occurred in the instant case. As in *Free*, the "total time of incarceration in both federal and state prisons has not been – and will not be – increased by even a single day as a result of his mistakenly serving [a portion] of his federal sentence prior to completing the service of his state sentence." *Id.*

In short, petitioner is not entitled to credit on his federal sentence for time served in state custody. Since petitioner has not shown that his custody is in violation of the Constitution and laws of the United States; he fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions

accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lake Charles, Louisiana, this 5th day of February, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE